Erin Rose Ronstadt, SBN 028362
Kyle Shelton, SBN 027379
RONSTADT LAW, PLLC
P.O. Box 34145
Phoenix AZ 85067
Phone: (602) 615-0050
Fax: (602) 761-4443
erin@ronstadtlaw.com
kyle@ronstadtlaw.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tricia Ma,<br><br>               Plaintiff,<br><br>v.<br><br>Hartford Life and Accident Insurance Company, an ERISA benefit plan fiduciary<br><br>               Defendant. | No.<br><br><br>**COMPLAINT** |

For her claims against Hartford Life and Accident Insurance Company, an ERISA benefit plan fiduciary ("Hartford" or "Defendant"), Plaintiff Tricia Ma ("Ms. Ma" or "Plaintiff") alleges as follows:

### *Jurisdiction, Venue, and Parties*

1. This action arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA").

2. The Group Long Term Disability Plan for employees of SCOTTSDALE HEALTHCARE HOSPITALS DBA HONORHEALTH (the "Plan") is a purported ERISA benefit plan established and maintained by Honorhealth ("Honorhealth") for the benefit of its employees.

3. Ms. Ma was a participant and beneficiary of the Plan as an employee of Honorhealth.

RONSTADT LAW, PLLC
P.O. Box 34145, Phoenix, AZ 85067
6122 N. 7th St, Ste. B, Phoenix, AZ 85014
(602) 615-0050

4.    Under the Plan, Hartford insures Honorhealth employees for long-term disability ("LTD") benefits pursuant to an insurance policy denoted by policy number GLT-402960 (the "Policy").

5.    Hartford is a third-party claims administrator for LTD claims under the Plan.

6.    Hartford is a Plan fiduciary.

7.    Honorhealth is the Plan Sponsor, Plan Administrator, a plan fiduciary, and employer.

8.    Hartford has a duty to administer the Plan prudently and in the best interests of all Plan participants and beneficiaries.

9.    At the time Ms. Ma sought LTD benefits under the Plan, Hartford administered claims for Honorhealth under the Plan, acted on behalf of the Plan, and acted as an agent of Honorhealth and/or the Plan to make final decisions regarding the payment of disability benefits for the Plan and to administer the Plan.

10.   Ms. Ma currently resides in Maricopa County, Arizona and has been a resident of Maricopa County at all times since becoming a Plan participant.

11.   Ms. Ma is a citizen of the United States of America and resident of the State of Arizona.

12.   Hartford has its principal place of business in the State of Connecticut.

13.   Defendant Hartford is licensed and authorized to do business in Maricopa County, Arizona, and resides and is found within Maricopa County within the meaning of the jurisdiction and venue provisions of ERISA, 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

14.   This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. §§ 1132(a), 1132(e)(1), and 28 U.S.C. §§ 2201-02 (declaratory judgments).

15.   Venue is proper in this Court under ERISA, 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1391(b).

**GENERAL ALLEGATIONS**

16.   All other paragraphs are incorporated by reference.

17.   Ms. Ma began working as a Pharmacist for Honorhealth on December 27, 2011.

18. Ms. Ma stopped working due to her Disability and became eligible under the Plan on April 3, 2019.

19. Ms. Ma became eligible for LTD benefits on October 3, 2019 after the elimination period.

20. Hartford approved Plaintiff's short-term disability ("STD") claim and LTD claim.

21. Under the Plan to be eligible for LTD benefits, for the first two years, Ms. Ma needed to be Disabled from "Your Occupation." "Your Occupation means Your Occupation as it is recognized in the general workplace. Your Occupation does not mean the specific job You are performing for a specific employer or at a specific location."

22. Under the Plan, after two years, Ms. Ma must be "Disabled" under the Plan from "Any Occupation" to be entitled to LTD benefits.

23. Under the Plan after two years, "Disabled" means to be unable to perform the "Essential Duties" of "Any Occupation," which is defined as "any occupation for which [Ms. Ma is] qualified by education, training or experience" and has an earnings potential greater than the lesser of 1) the product of Your Indexed Pre-disability Earnings and the Initial Benefit Period Percentage; or 2) the Maximum Monthly Benefit."

24. Essential Duty means a duty that "1) is substantial, not incidental; 2) is fundamental or inherent to the occupation; and 3) cannot be reasonably omitted or changed. Your ability to work the number of hours in Your regularly scheduled workweek is an Essential Duty."

25. Ms. Ma's occupation as a pharmacist was classified as a "light" occupation.

26. Hartford approved Ms. Ma's LTD benefits during some of the "Your Occupation" definition of Disability.

27. Hartford reviewed Ms. Ma's LTD benefits under the "Any Occupation" definition of disability.

28. In a letter dated June 17, 2021, Hartford terminated Ms. Ma's LTD benefits for her alleged failure to meet the definition of Disability under the Plan (the "Denial").

RONSTADT LAW, PLLC
P.O. Box 34145, Phoenix, AZ 85067
6122 N. 7th St, Ste. B, Phoenix, AZ 85014
(602) 615-0050

-3-

RONSTADT LAW, PLLC
P.O. Box 34145, Phoenix, AZ 85067
6122 N. 7th St., Ste. B, Phoenix, AZ 85014
(602) 615-0050

29.  Hartford ultimately decided to terminate the claim based on Ms. Ma's inability to perform Your Occupation and Any Occupation.

30.  Hartford explained in the Denial: "Based on this information, we have concluded that you are not prevented from performing the essential duties of Any Occupation or Your Occupation. Because of this, you will not meet the policy definition of Disability as of 6/17 /21 because we have issued your June payment, your LTD benefits will terminate on 7 /1/21."

31.  Hartford relied in part on a May 7, 2021 independent medical examination ("IME") and resulting employability analysis report ("EAR") to deny the claim.

32.  In reaching its Denial, Hartford disregarded the objective medical evidence, Ms. Ma's credible symptomology, her treating provider assessments, and even its own history of medical file reviews, which found Ms. Ma Disabled.

33.  Ms. Ma has a high monthly benefit, which incentivized Hartford to find reasons to terminate the claim.

34.  Ms. Ma suffers from multiple medical conditions that render her Disabled under the Plan.

35.  Ms. Ma's medical conditions cause a host of symptoms that severely diminish her ability and capacity to work.

36.  Ms. Ma's treating specialist physicians and other providers have verified and confirmed her medical conditions using objective examination findings and diagnostic testing.

37.  Hartford has failed to provide evidence of improvement or change in Ms. Ma's medical conditions.

38.  Given that the medical evidence has not changed, termination of benefits is both illogical and in direct conflict with Hartford's prior findings.

39.  Instead of evaluating the collective evidence of Ms. Ma's debilitating medical conditions, Hartford attempted to discredit Ms. Ma through its Special Investigations Unit ("SIU").

40.   Hartford contracted with Claims Bureau USA, Inc. ("Claims Bureau") to conduct surveillance on Ms. Ma.

41.   On information and belief, Hartford and Claims Bureau's business relationship is designed to be adversarial to claimants and limit the Harford's financial responsibilities on otherwise valid claims.

42.   Notwithstanding our concerns regarding Hartford and Claims Bureau's practices, the investigatory services performed by Claims Bureau did not reveal any activity indicative of Ms. Ma's ability to work or activities contrary to Ms. Ma's reported functionality, which Hartford conceded.

43.   On information and belief, Hartford was attempting to secure unfavorable evidence with surveillance in an otherwise valid claim because of Ms. Ma's relatively young age and the financial liability her claim held for Hartford if her benefits were approved passed the "test change" (*i.e.,* change in definition of Disability to "Any Occupation).

44.   The surveillance is entirely consistent with Ms. Ma's reported functionality and abilities, as well as her restrictions and limitations precluding her from performing "Any Occupation."

45.   Hartford based the Denial in part on Dr. Michael Steingart's IME.

46.   Dr. Steingart's restrictions and limitations, or lack thereof, are unsupported by the evidence.

47.   Dr. Steingart misrepresented MRI and physical examination findings.

48.   Dr. Steingart does not address Ms. Ma's non-exertional limitations associated with headaches, pain, and medication side effects.

49.   Hartford knew or should have known that Dr. Steingart conducted an inadequate and biased review.

50.   The EAR is based solely on the restrictions and limitations outlined by Hartford's hired doctors and not all of the medical evidence in the file.

51.   On December 14, 2022, Ms. Ma filed her LTD appeal (the "Appeal").

RONSTADT LAW, PLLC
P.O. Box 34145, Phoenix, AZ 85067
6122 N. 7th St, Ste. B, Phoenix, AZ 85014
(602) 615-0050

52.  As part of her Appeal disclosure, Ms. Ma submitted additional evidence in support of her LTD claim.

53.  The updated medical records and evidence submitted with the Appeal further supported Ms. Ma's Disability.

54.  Hartford was untimely in issuing a determination and did not assert appropriate "special circumstances" to justify the additional time it took to render a benefit determination.

55.  Hartford received the LTD appeal via facsimile on December 14, 2022 and the USB flash drive with the supporting evidence on December 22, 2022 via Certified Mail.

56.  In accordance with 29 C.F.R. 2560.503-1 (i)(4), "the period of time within which a benefit determination on review is required to be made shall begin at the time an appeal is filed in accordance with the reasonable procedures of a plan, without regard to whether all the information necessary to make a benefit determination on review accompanies the filing."

57.  Ms. Ma submitted her LTD appeal on December 14, 2022. Hartford was required to make a decision on Ms. Ma's Appeal within 45 days, or by Saturday, January 28, 2023. *See* 29 C.F.R. § 2560.503-1.

58.  In a letter dated January 18, 2023, Hartford began misspelling Plaintiff's counsel's name.

59.  In the January 18, 2023 letter, Hartford asserted inappropriate "special circumstances" and stated it should provide a determination prior to March 14, 2023.

60.  In a letter dated February 6, 2023, Hartford upheld its Denial of Plaintiff's claim (the "Final Denial")

61.  Hartford secured a file review by a Dr. Adam Susmarski as part of its review and cited to it in the Final Denial.

62.  Hartford asserted in the Final Denial: "We provided you the information we developed on appeal to include the Independent Medical Records review by Dr. Sumarski

RONSTADT LAW, PLLC
P.O. Box 34145, Phoenix, AZ 85067
6122 N. 7th St, Ste. B, Phoenix, AZ 85014
(602) 615-0050

RONSTADT LAW, PLLC
P.O. Box 34145, Phoenix, AZ 85067
6122 N. 7th St, Ste. B, Phoenix, AZ 85014
(602) 615-0050

[sic]. We did not receive a response or additional information from you therefore we have completed our review."

63. In actuality, Hartford did not provide Dr. Susmarski's file review to Plaintiff.

64. In a letter dated January 23, 2023, Hartford purportedly emailed the letter to a misspelled email address for Plaintiff's counsel, which was never received at Ronstadt Law, PLLC.

65. The January 23, 2023 letter only provided Plaintiff with 8 business days to respond to the adverse evidence.

66. Based on the internal notes, the January 23, 2023 letter was not even "sent to attorney via MFT" until January 25, 2023.

67. Hartford did not mail or fax the January 23, 2023 letter to Plaintiff's counsel.

68. Hartford did not call Plaintiff's counsel when it did not receive a response to the January 23, 2023 letter by the requested February 2, 2023 deadline.

69. The January 23, 2023 letter set forth an arbitrary and unreasonable deadline of February 2, 2023.

70. Hartford's failure to follow-up with Plaintiff's counsel once it did not receive a response was unreasonable and a breach of fiduciary duty.

71. Hartford rushed to the Final Denial when it did not receive a response to the January 23, 2023 letter.

72. Hartford violated ERISA when it failed to provide Plaintiff with an opportunity to respond to adverse evidence on appeal.

73. Hartford should not be permitted to rely on Dr. Susmarski's review or introduce it to the Court given that Ms. Ma did not have an opportunity to respond.

74. Ms. Ma is entitled to, at minimum, a remand of her claim with payment of past-due benefits, attorneys' fees and costs, and prejudgment interest given Hartford's failure to strictly adhere to ERISA's regulatory requirements.

75. Hartford's review is an abuse of discretion, and its Denial is part of a pattern and practice of institutional bad faith that constitutes a breach of fiduciary under ERISA.

RONSTADT LAW, PLLC
P.O. Box 34145, Phoenix, AZ 85067
6122 N. 7th St, Ste. B, Phoenix, AZ 85014
(602) 615-0050

76.  Ms. Ma is entitled to de novo review.

77.  Ms. Ma's lawsuit is timely, and she has exhausted all administrative remedies.

### COUNT I
### (Recovery of LTD Plan Benefits)
### (Hartford)

78.  All other paragraphs are incorporated by reference.

79.  The Plan is an Employee Welfare Benefits Plan as defined by ERISA, 29 U.S.C. § 1002.

80.  The Plan represents LTD coverage and a promise to provide LTD benefits until Ms. Ma is no longer Disabled under the terms of the Plan.

81.  Ms. Ma continues to be Disabled from Your Occupation and Any Occupation according to the terms of the Plan.

82.  Ms. Ma has claimed the benefits under the Plan to which she is entitled.

83.  Ms. Ma reasonably expected that her medical conditions met the requirements of Disability as defined by the Plan and that she would receive benefits under the Plan until she reaches her Normal Retirement Age, which is age 67, or until she was no longer Disabled.

84.  Despite the coverage of Ms. Ma's Disability, Hartford improperly denied LTD benefits in breach of the Plan and ERISA.

85.  Hartford's conduct was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence, and clearly erroneous.

86.  Hartford repeatedly ignored or played down the substantial objective evidence Ms. Ma submitted supporting her ongoing Disability.

87.  Hartford failed to adequately explain why it credited their physician-reviewers and examiners over Ms. Ma's treating physicians and independent experts.

88.  Hartford improperly conducted surveillance in an attempt to manufacture adverse evidence.

89.  The surveillance efforts undertaken were nothing more than fishing expeditions designed to terminate benefits.

RONSTADT LAW, PLLC
P.O. Box 34145, Phoenix, AZ 85067
6122 N. 7th St, Ste. B, Phoenix, AZ 85014
(602) 615-0050

90.  The activity captured in the surveillance does not equate to an ability to sustain Any Occupation or the occupation of a pharmacist. The activity captured does not translate into an 8-hour workday and certainly not into a 40-hour workweek. It does not account for the days when Ms. Ma's pain levels are high, and she cannot function as well. The surveillance does not evaluate Ms. Ma's ability to work at a consistent pace, consider her rate of expected absenteeism, or measure her cognitive ability. It is unrealistic and unreasonable for Hartford, Dr. Steingart, or any other person reviewing these videos to determine functionality from them.

91.  The peer reviewers and independent examiner Hartford relied upon in the Denial arbitrarily reached their opinions based on insufficient evidence or investigation.

92.  Hartford intentionally gathered evidence to stack the deck in its favor and against Ms. Ma.

93.  Hartford did not properly consider all of the available evidence when terminating Ms. Ma's benefits.

94.  Hartford's medical consultants during the review process arbitrarily dismissed the objective medical findings, including compelling MRI imaging.

95.  Hartford failed to conduct a full and fair review.

96.  Hartford failed to meaningfully communicate with Ms. Ma in good faith.

97.  Hartford misstated medical evidence for its own financial benefit, e.g., it excessively relied on biased medical reviews provided by in-house medical consultants or outside consultants it routinely contracts with through third-party intermediaries.

98.  Instead of evaluating a participant's eligibility based on the applicable plan language and medical evidence, Ms. Ma is informed and believes that Hartford makes claims decisions based on the claims resources and financial risk it faces on certain claims.

99.  Hartford routinely emphasizes information that favors a denial of benefits while deemphasizing other information that suggests a contrary conclusion.

100.  Hartford routinely denies or limits otherwise compensable claims to avoid setting aside additional reserves. To accomplish this goal, it "investigates" claims for the

RONSTADT LAW, PLLC
P.O. Box 34145, Phoenix, AZ 85067
6122 N. 7th St, Ste. B, Phoenix, AZ 85014
(602) 615-0050

purpose of creating biased evidence to justify a denial or a limitation of benefits. It does this, in part, by determining segmentation or classification to pre-determine its financial exposure.

101.    The practice of segmentation helped Hartford increase its profitability.

102.    On information and belief, Hartford decides in advance how long claims should be paid, often to the test change or change in definition of Disability under a Policy, and then takes claims management measures to ensure those goals are met.

103.    Plaintiff is informed and believes Hartford denied her claim in part because it had not recovered an overpayment for Social Security Disability Insurance benefits.

104.    Hartford relied on findings that constitute "clearly erroneous findings of fact" to deny Ms. Ma's benefits.

105.    Hartford abused its discretion by basing its decision on unreliable and inaccurate information. When confronted with this knowledge, Hartford ignored the inaccuracies or created new reasons for denial.

106.    Upon information and belief, Hartford provided its reviewers and vendors with internal notes and financial information about the claim, compromising their ability to make "independent" medical determinations and creating further bias in reviews.

107.    In limiting Ms. Ma's LTD benefits under the Policy, Hartford disregarded evidence that Ms. Ma's conditions had not changed or improved.

108.    Hartford has no evidence that Ms. Ma's conditions changed or improved since it determined that she was physically Disabled under the LTD Policy.

109.    Hartford engaged in other procedural irregularities, which it did to serve its own financial best interests.

110.    Hartford's violations are more than *de minimis*. Hartford stopped Plaintiff's benefits without warning during a pandemic, leaving her without a monthly benefit and without income.

111.    Hartford has a pattern or practice of bad faith conduct and of violating ERISA. Plaintiff is informed and believes that Hartford routinely ignores § 503-1's

-10-

RONSTADT LAW, PLLC
P.O. Box 34145, Phoenix, AZ 85067
6122 N. 7th St, Ste. B, Phoenix, AZ 85014
(602) 615-0050

requirements by failing to render timely benefit determinations. When it does eventually respond to appeals, it then abuses the appeals process in an effort to stack the deck against insureds. This includes abusing its tolling rights on appeal and using the appeals review process to develop adverse evidence to support what was typically a hurried and unsupported denial of an insured's claim.

112. Hartford's failure to comply with ERISA's disclosure requirements and poor management of the file demonstrate its abuse of discretion and improper claims handling.

113. On information and belief, Hartford engaged in claim discussions to decide the directions of appeals without having reviewed all of the medical evidence, demonstrating its predetermined path of terminating benefits.

114. Ms. Ma alleges upon information and belief that Hartford has a parsimonious claims handling history.

115. Hartford failed to conduct a "meaningful dialogue" regarding Ms. Ma's claim, including its failure to provide the January 23, 2023 letter to Plaintiff's counsel. Hartford had every opportunity to communicate with Plaintiff about its review of her appeal under the Plan but failed to do so without justification. Hartford should have engaged in a good faith exchange of information and reviewed the claim in the best interests of Plaintiff prior to issuing the Final Denial.

116. All of the evidence submitted with Ms. Ma's Appeal addressed the opinions of Hartford's consultants, but Hartford ignored Ms. Ma's evidence.

117. Plaintiff is entitled to de novo review.

118. Under the de novo standard of review, to be entitled to benefits, Ms. Ma need only prove by a preponderance of the evidence that she is Disabled.

119. Under the de novo standard of review, Plaintiff is entitled to discovery regarding, among other things, the credibility of Hartford's medical reviews and Hartford's lack of partiality due to its financial conflicts of interest. *See Opeta v. Nw. Airlines Pension Plan for Contract Employees*, 484 F.3d 1211, 1217 (9th Cir. 2007) (under the de novo standard of review, new evidence may be admitted regarding, among other things: "the

RONSTADT LAW, PLLC
P.O. Box 34145, Phoenix, AZ 85067
6122 N. 7th St, Ste. B, Phoenix, AZ 85014
(602) 615-0050

credibility of medical experts… [and] instances where the payor and the administrator are the same entity and the court is concerned about impartiality" (*quoting Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1026-27 (4th Cir. 1993)).

120. Even under the abuse of discretion standard of review, Hartford abused its discretion, because its decision limiting Ms. Ma's disability benefits was arbitrary and capricious and caused or influenced by the financial conflict of interest of Hartford, its reviewing physicians, and its vendors. These conflicts of interest precluded the full and fair review required by ERISA, 29 U.S.C. 1133(2) and 29 C.F.R. § 2560.503-1(g)(1) and (h)(2).

121. Pursuant to the coverage provided in the Plan, to ERISA 29 U.S.C. § 1132(a)(1)(B), and to applicable federal law, Ms. Ma is entitled to recover any benefits due under the terms of the Plan, and to enforce her rights under the Plan.

122. Ms. Ma is entitled to a restoration of the status quo ante before Hartford wrongfully terminated her LTD benefits.

123. Pursuant to 29 U.S.C. § 1132(g), Ms. Ma is entitled to recover her attorneys' fees and costs incurred herein.

124. Ms. Ma is entitled to prejudgment interest on the benefits to which she is entitled and on her damages at the highest legal rate until paid.

**WHEREFORE**, on all claims, Ms. Ma prays for entry of judgment against Defendant as set forth in this Complaint, which includes:

A.   Any past and future LTD benefits under the terms of the Plan;

B.   Clarifying and determining Ms. Ma's rights to future benefits under the terms of the Plan;

C.   For any other benefits Ms. Ma may be entitled to receive under the Plan due to her Disability;

D.   Any equitable relief, including injunctive relief, that is proper as a result of Hartford's breaches of fiduciary duties and failure to provide her with Dr. Susmarski's file review;

E.      An award of Ms. Ma's attorneys' fees and costs incurred herein;

F.      An award of prejudgment interest on benefits and damages at the highest legal rate until paid; and

G.      For such and further relief as the Court deems just, equitable, and reasonable.

Dated this 25th day of April, 2023.

RONSTADT LAW, PLLC


By: _s/ Erin Rose Ronstadt_
Erin Rose Ronstadt
Kyle J. Shelton
Attorneys for Plaintiff

**RONSTADT LAW, PLLC**
P.O. Box 34145, Phoenix, AZ 85067
6122 N. 7th St, Ste. B, Phoenix, AZ 85014
(602) 615-0050